**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

FRANTZ DUPERVAL,                    *

      Petitioner,                  *        CASE NO.  5:05-CV-278 (DF)
                            28 U.S.C. § 2255

VS.                                 *
                              CASE NO.  5:04-CR-68 (DF)

UNITED STATES OF AMERICA,           *

      Respondent.                  *

## REPORT & RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for The United States District Courts.

## Procedural History

Petitioner Duperval was indicted on June 23, 2004, together with another person for conspiracy in violation of 18 U.S.C. § 371,Count One, and illegal interstate transportation of firearms in violation of  18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D), Count Six.  (R-1).  He entered into a Plea Agreement with the Government on November 30, 2004 (R-31), and pled guilty to Count Six of the Indictment. (R-32).  He was sentenced by this court on March 23, 2005, to a term of 18 months imprisonment. (R-51).  Petitioner Duperval did not appeal his sentence to the Eleventh Circuit Court of Appeals.  (R-61).  Therefore, his conviction and sentence became final on the expiration of the 10 days allowed for such application, or on April 4, 2005.  Federal Rules of Appellate Procedure 4(b)(1)(A)(i).

**Motion for IFP**

Petitioner's Motion to Proceed *In forma Pauperis* should be denied as moot, inasmuch as the Prisoner Litigation Reform Act (PLRA) does not apply to filing fees for Motions pursuant to 28 U.S.C. § 2255. Therefore, **no fee is required to file a Section 2255 Motion.** *Anderson v. Singletary,* 111 F.3d 801, 806 (11th Cir. 1997).

**Transcript**

Petitioner has no constitutional right to access to free transcripts of his guilty plea and sentencing hearing transcripts. He has not shown a need or purpose for such transcripts. However, he may arrange through the Clerk's Office for the preparation and purchase of such transcripts from the Official Court Reporter. Petitioner's Motion Pursuant to 28 U.S.C. §753(f) to Request Transcripts of Sentencing Hearing is hereby denied. *See United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086 (1976).

**Ineffective Assistance of Counsel**

Petitioner raises four grounds of ineffective assistance of trial counsel in his motion for §2255 relief. The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the
proceedings would have been different." *Id.* at 694..... When
reviewing whether an attorney is ineffective, courts "should
always presume strongly that counsel's performance was
reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952,
958 (11th Cir. 1992). And, "a court should be highly deferential
to those choices ... that are arguably dictated by a reasonable
trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir.
1993). Even if many reasonable lawyers would not have done
as defense counsel did at trial, no relief can be granted in
ineffectiveness grounds unless it is shown that no reasonable
lawyer, in the circumstances, would have done so. This burden,
which is petitioner's to bear, is and is supposed to be a heavy
one.

To establish ineffective assistance of counsel, (1) Petitioner must show that his

counsel's representation was deficient and (2) Petitioner must show that this deficient

representation prejudiced Petitioner. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct.

2052 (1984); see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). To show

prejudice, the § 2255 petitioner must "show that there is a reasonable probably that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694, 104 S. Court. at 2068. *See also Ocampo v. United States,* 939

F. 2d 1455, 1464 (11th Cir. 1991).

Sound tactical decisions within the range of reasonable professional competence are

not vulnerable to collateral attack. See, e.g. *Weber v. Israel,* 730 F. 2d 499, 508 (7th Cir.

1984) (choosing a defense is a matter of trial strategy), cert denied, 469 U.S. 850, 105 S. Ct.

167 (1984); *United States v. Guerra,* 628 F.2d 410, 413 (5th Cir. 1980), cert denied. 450 U.S.

934, 101 S. Ct. 1398 (1981). A tactical decision amounts to ineffective assistance of counsel

"only if it was so patently unreasonable that no competent attorney would have chosen it."

*Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983), cert denied, 464 U.S. 1063, 104

S. Ct. 745 (1984); accord *Strickland v. Washington,* 466, U.S. 668, 690 (1984).

Tactical decisions made by counsel do not render assistance ineffective merely

because, in retrospect, it is apparent that counsel chose the wrong course; *Adams v. Balkcom*,

688 F. 2d 734, 739 (11th Cir. 1982); see also *Alexander v. Dugger,* 841 F. 2d 371, 375 (11th

Cir. 1988). Thus, a court deciding an ineffectiveness claim must judge the reasonableness

of counsel's challenged conduct on the facts of the particular case, viewed as of the time of

counsel's conduct. *Strickland,* 466 U.S. at 690.

In his first ground, Petitioner claims that trial counsel rendered ineffective assistance

of counsel when he failed to request concurrent sentencing for his federal offense with an

already imposed sentence from the U.S. Army. (R-61). In support of his first ground,

Petitioner states:

> I had given counsel proof that my Army sentence was increased
> due to my conduct in this case, therefore he should have brought
> this to the court's attention and request[ed] concurrent
> sentencing. The additional time that I am spending in prison is
> prejudicial due to counsel's inattention to my statements to him
> and investigating the Army sentence that was imposed based on
> the same conduct of this case.

(R-61). Concurrent sentencing is not available in all cases in the federal system. *See* 18

U.S.C.A. §3584 and U.S.S.G. §5G1.3. The burden is on Petitioner to prove that he would

have been eligible to have his federal court sentence run concurrently with his sentence from

the Army and that there is a reasonable probability that if he was eligible, the sentencing

judge would have used his discretion to sentence him concurrent with his military punishment. Petitioner failed to carry this burden, proving neither deficiency of counsel nor actual prejudice.

Secondly, Petitioner claims that counsel was ineffective when he failed to request the court to order that his time commence from the date in which the U.S. Marshal's detained him from Military custody, thus causing him to lose credit for time he already served. (R-61). Petitioner Duperval states:

> This error left the computation to the discretion of the B.O.P. and caused me to lose credit for time I spent "in custody" under a jurisdiction that this court would have considered acceptable. Counsel stated to me that I would receive credit for this time upon my arrival at the B.O.P. and these statements proved erroneous.

*Id*. As factually stated, there can be no error as to ground two. Petitioner's counsel advised him correctly of the law, the issue of credit for time served is one for the Bureau of Prisons, not the sentencing court. 18 U.S.C.A. § 3585(b) provides:

> **(b)  Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> **(1)**  as a result of the offense for which the sentence was imposed; or
> **(2)**  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

It is clear from this statute that Petitioner is not entitled to receive credit on both his federal and military sentences for the same time served prior to sentencing. Therefore, if Petitioner was serving a military sentence when he was transferred to federal custody to face charges in this District, he is not entitled to credit. Thus, as to ground two, Petitioner has failed to show deficiency of counsel

or actual prejudice.

The third ground claims that counsel was ineffective in that he failed to conduct a "proper pretrial investigation of the facts, pleadings, circumstances and laws applicable to the case." (R-61). Petitioner Duperval claims:

> Had he done so, he would have realized that my Military sentence was predicated on the conduct of the federal case and attempted to consolidate the sentences, or alternatively, moved this court for credit for time spent in custody of a jurisdiction favorable to this court, the U.S. Army. Counsel's error prejudiced petitioner in that it extended his time he must spend incarcerated and is preventing him from returning to active duty and joining his unit, which he intends to do.

*Id.* Although titled "failure to investigate," in effect, this enumeration simply reiterates grounds one and two. As previously stated, Petitioner has failed to show that he qualifies to have his sentence run concurrently under the law, or that there is a reasonable probability that if counsel had so requested, the judge would have used his discretion to run his sentence concurrently with the military sentence or that the law would allow two such sentences to be "consolidated." The facts of ground two, do not substantiate a deficiency in the performance of trial counsel nor any actual prejudice to Petitioner. Furthermore, 18 U.S.C.A. §3585(b) states that Petitioner will not be given credit for time served if said time has already been credited against another sentence. Therefore, it would have been fruitless for counsel to request that Petitioner receive credit from the sentencing court for time served in the custody of the U.S. Army. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

Finally, Petitioner Duperval claims that counsel was ineffective "when he failed to present mitigating evidence from petitioner's family, friends, U.S. Army personnel, Church followers and

6

others." (R-61).  Petitioner contends that he "told counsel that he wanted to present this evidence

of his character to the sentencing judge but counsel refused to adhere to [P]etitioner's request." *Id*.

When alleging prejudice as to this ground, Petitioner states:

> Petitioner's co-defendant presented such evidence and received probation as a sentence for the same crime as petitioner for the same charge with the same criminal history.  Petitioner was prejudiced by receiving an 18 month sentence when he could have possibly received probation if counsel put forth the argument.

*Id*.  Petitioner Duperval fails to meet either prong of the *Strickland* standard.  He has not

shown that "no reasonable attorney" would elect not to present character evidence at the

sentencing on a guilty plea.  Petitioner Duperval has alleged, but failed to show, actual

prejudice.   Petitioner states that his co-defendant had the same charges, with the same

criminal history, and only received probation.  However, the record belies his allegations.

Petitioner pled guilty to Count Six of the Indictment, which was illegal interstate transportation

of firearms in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D).  (R-31).  In his plea agreement,

Petitioner admitted that he was the one who rented a car and actually traveled out of state and sold

firearms that had been purchased at various pawn shops in the Macon area.  *Id*.  His co-defendant

pled guilty to False Statement in Acquisition of a Firearm, admitting that she purchased the guns at

the pawn shops while with her co-defendant. (R-36).  It is reasonable that the sentencing judge may

have simply found the actions of Petitioner, traveling to New Jersey to sell firearms outside the

registered and regulated system, more egregious than that of his co-defendant.  Petitioner has failed

to show that there is a reasonable probability that his case may have come out differently had his

counsel presented character evidence at Petitioner's sentencing hearing.

Furthermore, his claims of  ineffective assistance of counsel are conclusory, and

conclusory claims are not cognizable and therefore do not merit consideration. *State v. Jones,* 61 4 F.2d 80 (5th Cir. 1980).  Moreover, *"Conclusory allegations* of ineffective assistance are insufficient.  *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)."  *Wilson v. United States,* 962 F.2d 996 (11th Cir.  1992).

The district court need not hold an evidentiary hearing every time a section 2255 claim of ineffective assistance is raised. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the Petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F. 2d 1545, 1553, (11th Cir. 1989).  The district court may properly address a § 2255 motion under the two-part analysis of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984).  Petitioner Duperval has not carried his burden of establishing his claims of ineffective assistance of counsel, nor has he shown that he is entitled to any sentence relief by this court on any grounds.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 16th day of August 2005.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE